UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MIRAMONTES, | Case No. EDCV 13-0027-JFW (RNB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| PAUL E. ZELLERBACH, District Attorney, | |
| Defendant. | |

On January 11, 2013, plaintiff filed a pro se civil rights action herein pursuant to 42 U.S.C. § 1983, after being granted leave to proceed in forma pauperis. The operative pleading is plaintiff's First Amended Complaint ("FAC"). Plaintiff claims that the State of California violated his constitutional right to due process "by refusing to provide for inspection a 'dispatch tape recording' in connection to [sic] his arrest and conviction." (FAC at 5.) Plaintiff purports to be challenging the constitutionality of the California Public Records Act ("CPRA") "as construed by the California State Courts." (FAC at 1, see also "Attachment to Supporting Facts.") The sole named defendant is Riverside County District Attorney Paul E. Zellerbach, and the only relief sought is injunctive relief compelling defendant to provide "a complete copy of the dispatch tape recording, along with a verbatim transcript of the same." (FAC at 6.)

Now pending before the Court is defendant Zellerbach's Motion to Dismiss pursuant to Federal Rule 12(b)(6) or, in the alternative, a Motion for a More Definitive Statement pursuant to Federal Rule 12(c), to which plaintiff has filed opposition. Both parties also have filed requests for judicial notice (hereinafter, respectively, "Defendant's Request" and "Plaintiff's Request"). To the extent that the parties are requesting that the Court take judicial notice of state court filings that are matters of public records, the Court grants their requests. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."), rev'd on other grounds, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010); see also Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548, 137 L. Ed. 2d 800, 117 S. Ct. 1535 (1997) (taking judicial notice of a decision and order of an Administrative Law Judge); Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co., 981 F.2d 429, 435 (9th Cir. 1992) (taking judicial notice of State Commission decisions), cert. denied, 508 U.S. 908 (1993); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a state court decision). In doing so, however, the Court does not take judicial notice of any findings of fact in the state court action, only of the existence of each document and of any orders of the state court. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (on a motion to dismiss, "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation marks omitted); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir.) (noting that "[f]actual findings in one case ordinarily are not admissible for their truth in another case"), cert. denied, 540 U.S. 810 (2003); M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (stating the general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal

introduction of evidence, facts essential to support a contention in a cause then before it").

As discussed hereafter, the Court finds that plaintiff's sole federal civil rights claim herein is a forbidden de facto appeal from the state court judgments against him and therefore is barred by the Rooker-Feldman doctrine. Accordingly, within twenty-eight (28) days of the service date of this Order, plaintiff is ordered to show good cause in writing, if there be any, why this case should not be dismissed without prejudice by the District Judge for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

**PLAINTIFF'S ALLEGATIONS AND THE UNDERLYING STATE COURT PROCEEDINGS**

Plaintiff alleges that the State violated his due process rights by "refusing to provide for inspection a 'dispatch tape recording' in connection" with his conviction. (FAC at 5.) Specifically, plaintiff alleges that he has "three (3) times requested and failed to obtain the dispatch tape recording, for inspection, under the only State law procedure then available to him." (Id.) Plaintiff then lists the following: a motion for discovery he filed in the Riverside Superior Court on January 21, 2010,[1] a motion seeking a court order to compel the District Attorney to disclose "material evidence" filed on February 22, 2010, and a request to the District Attorney's Office submitted on February 12, 2012, seeking the recording pursuant to the CPRA. That request was denied. Plaintiff alleges that he subsequently "petitioned all three (3) state courts for injunctive relief." (Id.)

//

---

[1] The Court notes that plaintiff alleges in the FAC that he filed a "motion for discovery" on January 21, 2010, but the documents of which he has requested judicial notice include a "Motion for Discovery" plaintiff filed on January 12, 2010. (Plaintiff's Request, Exh. A.)

The documents of which the Court has taken judicial notice reflect that, on August 28, 2008, plaintiff was convicted in Riverside County Criminal Court Case No. RIF137636 ("Criminal Case") of one count of driving under the influence (VC 23152(A)) and one count of driving under the influence with BAC 0.08 or higher (VC 23152(B)). (Defendant's Request, Exh. C at 2, 12-13.)

On January 12, 2010, plaintiff filed a "Motion for Discovery & Disclosure Pursuant to Penal Code section [sic] §1054.1(c)(e)(f) & §1054.5(a) & (b)" seeking a transcript of "Officer Jason Goudy's call to dispatch to report a traffic stop on or about 4:23 a.m. [on] May 13, 2007," among other items. (Plaintiff's Request, Exh. A.) On January 12, 2010, Riverside Superior Court Judge Luebs denied plaintiff's motion "because defendant already convicted and conviction affirmed on appeal." (Id.; Defendant's Request, Exh. C at 7.)

On February 22, 2010, plaintiff filed a "Motion for Court Order to Compel the Riverside County District Attorney to Disclose Exculpatory Material Evidence to Defendant, Pursuant to Penal Code §1054.1." (Plaintiff's Request, Exh. B.) This motion was denied by Riverside Superior Court Judge Taylor on March 15, 2010, because "Judge Luebs ruled on this motion." (Id.; Defendant's Request, Exh. C at 6.)

On April 17, 2012, plaintiff filed a "Motion for an Order to Compel" in Superior Court, which was denied by Riverside Superior Court Judge Prevost on April 19, 2010, on the grounds that the "Criminal Court does not have jurisdiction over this request, which at best should be construed as a petition under Gov't Code section 6258. Refer to Civil." (Defendant's Request, Exh. C at 5.)

On July 9, 2012, plaintiff filed a "Motion for an Order to Compel the Riverside County District Attorney to Produce Records Under the Provisions of the CPRA, Government Code §§6250 & 6258." (Plaintiff's Request, Exh. E.) On July 11, 2012, Riverside Superior Court Judge Molloy summarily denied the request. (Id.; Defendant's Request, Exh. C at 4.)

//

4

Citing his Criminal Case number, plaintiff filed a "Petition for an Extraordinary Writ, Writ of Mandate, to the Riverside Superior Court, Government Code §6258," in the California Court of Appeal on July 26, 2012. (Plaintiff's Request, Exh. F.) The Court of Appeal summarily denied the petition for writ of mandate on August 10, 2012. (Id.; Defendant's Request, Exh. C at 3.) Plaintiff then filed a "Petition for Writ of Mandate" pursuant to Cal. Gov't Code §6258 in the California Supreme Court. (Plaintiff's Request, Exh. G.) The Supreme Court remanded the case to the Court of Appeal with instructions to deny the "repetitious petition" if it is "substantially identical to a prior petition." (Id.; Defendant's Request, Exh. C at 3.) Plaintiff's petition for writ of mandate was then summarily denied by the Court of Appeal on October 4, 2012. (Plaintiff's Request, Exh. H; Defendant's Request, Exh. C at 3.)

## DISCUSSION

The Rooker-Feldman doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. See Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S. at 416; see also 28 U.S.C. § 1257. Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

The Rooker-Feldman doctrine applies even when the challenge to the state court decision involves federal constitutional issues. See Dubinka v. Judges of the

Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986); see also Branson v. Nott, 62 F.3d 287, 290-92 (9th Cir.) (involving procedural due process challenge to state court proceedings), cert. denied, 516 U.S. 1009 (1995). Further, "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." See Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted)), cert. denied, 540 U.S. 1213 (2004). In addition, the Rooker-Feldman doctrine is applicable even if plaintiff's state court appeals are not final. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding that Rooker-Feldman applies equally to interlocutory state court decisions); Worldwide Church of God, 805 F.2d at 893 n.3. Finally, since the Rooker-Feldman doctrine proscribes federal court jurisdiction over collateral challenges to state court judgments, it cannot be waived and the Court has an obligation to raise the issue sua sponte. See Worldwide Church of God, 805 F.2d at 890 (discussing appellate court's duty to raise jurisdictional issues sua sponte); see also, e.g., Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997) ("district court appropriately sua sponte raised Rooker-Feldman"), cert. denied, 522 U.S. 1077 (1998); Doctor's Assocs. v. Distajo, 107 F.3d 126, 137 (2d Cir.), cert. denied, 522 U.S. 948 (1997); Garry v. Geils, 82 F.3d 1362, 1364 (7th Cir. 1996) (Rooker-Feldman cannot be waived and must be raised by the court sua sponte).

    In analyzing whether it has jurisdiction to hear a particular constitutional challenge, a federal district court first must determine whether plaintiff is attempting to bring a "forbidden de facto appeal." See Bell v. City of Boise, 709 F.3d 890 (9th Cir. 2013) ("To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision."); Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Such is the case "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous

6

decision by a state court, and seeks relief from a state court judgment based on that decision." See Noel, 341 F.3d at 1164. If the court determines that plaintiff is attempting to bring a de facto appeal, plaintiff also is barred from litigating any "issues that are 'inextricably intertwined' with issues in that de facto appeal." See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (Rooker-Feldman also applies where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004); see also Feldman, 460 U.S. at 483 n.16 (stating that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [decision], then the District Court is in essence being called upon to review the state court decision"); Worldwide Church of God, 805 F.2d at 892.

     Here, plaintiff alleges that the CPRA "deprives a convicted state prisoner, such as plaintiff, of his liberty interests in utilizing state procedures to obtain reversal of his conviction." (FAC at 1, "Attachment to Supporting Facts"; Opp. at 5.) Plaintiff also alleges that the "sole remedy" he seeks is to "exercise his rights as protected under both State and Federal Constitutions, as well as the CPRA, wherein plaintiff … has a fundamental right to inspect and to refute any erroneous or inaccurate information." (FAC, "Attachment to Supporting Facts.") However, the Supreme Court has held that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information with the government's control." Houchins v. KQED, Inc., 438 U.S. 1, 15, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978). Moreover, in District Attorney's Office for the Third Judicial District v. Osborne, 557 U.S. 52, 72, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009), where a convicted defendant was contending that he needed the evidence that he sought to prove his innocence, the Supreme Court held that there is no

7

freestanding substantive federal due process right to obtain postconviction discovery of exculpatory evidence. The Supreme Court also held that a prosecutor's duty to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), does not apply after a defendant has been convicted and the case closed. See Osborne, 557 U.S. at 68-69. Accordingly, plaintiff cannot state a substantive federal due process claim arising from any alleged denial of a "fundamental right to inspect" postconviction evidence such as the dispatch tape that he seeks herein.

Under Osborne and Skinner v. Switzer, - U.S. -, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011), a convicted defendant may be able to state a procedural due process claim under § 1983 in a case in which he alleges that he has a protected liberty interest in postconviction evidence arising under state law. However, the Supreme Court has held that "noncapital defendants do not have a liberty interest in traditional state executive clemency to which no particular claimant is *entitled* to as a matter of state law." Osborne, 557 U.S. at 68-69 (emphasis in original). Thus, even if plaintiff can show that state law provides a liberty interest in postconviction relief,[2] the relevant question is whether the state's postconviction relief procedures "are fundamentally inadequate to vindicate the substantive rights provided." Id. at 69. In order to state a federal procedural due process challenge to the state's denial of access to postconviction evidence, plaintiff must adequately allege that the state procedure in question violates a fundamental principle of justice or is fundamentally unfair. See

---

[2] The Court notes in this regard that plaintiff is unable to raise a procedural due process claim based on Cal. Penal Code § 1054, since that statute only provides for pretrial discovery. Further, Cal. Penal Code § 1054.9, which does provide for postconviction discovery, only applies to cases "in which a sentence of death or of life in prison without the possibility of parole has been imposed." (See Cal. Penal Code § 1054.9.) Because plaintiff was not sentenced to death or to life without the possibility of parole, plaintiff also is unable to raise a procedural due process claim based on this statute.

8

id. at 69-72. Such an independent procedural due process claim targeting a state procedure as unconstitutional (rather than raising a specific challenge to the adverse decision of a state court in applying the procedure to plaintiff's case) is not barred by Rooker-Feldman. See, e.g., Skinner, 131 S. Ct. at 1297.

Recently, the Ninth Circuit held in a similar case that the federal courts lacked subject matter jurisdiction in a case in which a convicted defendant sought to challenge the state courts' denial of postconviction DNA testing. See Cooper v. Ramos, 704 F.3d 772 (9th Cir. 2012). In that case, Cooper purported to challenge the state court's statutory construction of Cal. Penal Code § 1405 by alleging that the courts had made it impossible for him to utilize the statute to "prove that he was framed." Cooper argued that the state court's interpretation of the statute deprived him of procedural due process. See id. at 779. The Ninth Circuit, however, found that Cooper was challenging the adverse state court decision itself because he explicitly attacked both the conduct of the prosecutor in his case and the state court's application of the statutory factors governing access to DNA testing in his particular situation. Id. at 780. Despite Cooper's attempt to cast his claim as alleging an unconstitutional denial of due process, because Cooper failed to articulate a general challenge to the statute, the Ninth Circuit held that the claim was barred by Rooker-Feldman as a de facto appeal of a state court judgment. Id. at 781.

In plaintiff's case, just as in Cooper, plaintiff's only factual allegations pertain to **his** particular situation and the state court judgments upholding the denial by the District Attorney's Office of **his** request for postconviction evidence. Plaintiff claims that the "State of California violated his Fourteenth Amendment Right to Due Process by refusing to provide for inspection" the dispatch tape he is seeking. (See FAC at 5.) Although plaintiff purports to contend that he is "not challenging … the decisions reached by the state courts in applying [Cal. Penal Code] § 1054 to his motions (see Opp. at 5), the only remedy that he seeks is a reversal of the decisions of the state courts denying him access to the dispatch tape and a transcript thereof. (See FAC at

6.) Further, unlike in Skinner, plaintiff does not even purport to articulate a general challenge to the adequacy of the CPRA or any other state statute, or point to any way in which the postconviction procedures provided by the state are constitutionally inadequate or are inconsistent with a "recognized principle of fundamental fairness." Osborne, 557 U.S. at 70. To the contrary, like Cooper, plaintiff here is attacking the actions of the state courts in denying his specific requests for postconviction evidence and the state courts' application of the state-law procedure in his specific case. See Cooper, 704 F.3d at 780; see also Alvarez v. Attorney General for Fla., 679 F.3d 1257, 1262-63 (11th Cir. 2012) (finding procedural due process claim alleging that the state's DNA access procedures caused constitutional injury by arbitrarily denying him access to evidence barred by Rooker-Feldman); Tarkington v. Smith, 2012 WL 8018341, at *8 (C.D. Cal. Dec. 12, 2012) (finding a claim alleging that the state courts violated due process by denying plaintiff's requests for DNA testing pursuant to Cal. Penal Code § 1405 barred by Rooker-Feldman). In order to grant plaintiff the relief that he seeks – to compel the District Attorney to release the dispatch tape to plaintiff – the Court would have to find that the state courts' rejection of plaintiff's claim was wrong. As a state-court loser complaining of harm arising from the state courts' allegedly erroneous judgments against him, plaintiff's claim herein amounts to a thinly veiled attempt by plaintiff to have this Court review and set aside the state court decisions rejecting plaintiff's requests for postconviction evidence.

DATED: October 2, 2013

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE